EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
THE LAW OFFICE OF DEBORAH M. GOLDEN
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.Z., | ) Case No. |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR DAMAGES AND JURY** |
| vs. | ) **DEMAND** |
| | ) |
| UNITED STATES OF AMERICA; [FIRST | ) |
| NAME UNKNOWN] BARTOLO, in her | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1.     L.Z. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for two years.

2.     While housed at FCI Dublin, L.Z. was sexually harassed and ultimately sexually abused by Defendant Bartolo. Defendant Bartolo fixated on Plaintiff L.Z. because he is a

*L.Z. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 1

transgender man, and her sexual harassment and abuse were designed to humiliate Plaintiff L.Z. because of his gender and sexuality.

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. Plaintiff L.Z. experiences trauma to this day from the abuse he suffered while at FCI Dublin.

<b>JURISDICTION AND VENUE</b>

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff L.Z. will be filing an administrative motion to relate this case to those other cases.

<b>PARTIES</b>

9. Plaintiff L.Z. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant [First Name Unknown] Bartolo was a Correctional Officer at FCI Dublin. She is sued in her individual capacity.

12.    While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff L.Z. Plaintiff L.Z. was dependent upon Defendant United States for his personal security and necessities.

13.    In performing the acts and/or omissions contained herein, Defendant Bartolo acted under color of federal law, and Plaintiff L.Z. is informed and believes she acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff L.Z. Defendant Bartolo knew or should have known that her conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff L.Z. and to his constitutionally and statutorily protected rights.

14.    Defendant United States knew or should have known that sexual abuse was rampant in FCI Dublin and that Plaintiff L.Z. was at significant risk of being victimized by correctional officers such as Defendant Bartolo. Despite this knowledge, Defendants United States failed to take steps to protect Plaintiff L.Z. and to ensure his rights to safety from sexual abuse.

**FACTS**

15.    From April 2022 to April 2024, Plaintiff L.Z. was incarcerated at FCI Dublin.

16.    During his time at FCI Dublin, he witnessed a culture of abuse by FCI Dublin staff and widespread indifference to the abuse from officials in the BOP.

17.    Plaintiff L.Z. is a transgender man and wears gender affirming clothing such as binders, sports bras, and boxers.

18.    Throughout his incarceration, Defendant Bartolo made inappropriate comments regarding Plaintiff L.Z.'s body and sexuality, including his transgender identity, whenever she saw him.

19.    When walking in the recreational area, Defendant Bartolo would subject Plaintiff L.Z. to random "pat searches" where she would grope Plaintiff L.Z.'s chest and genitals in an overly aggressive manner, which was different and more intrusive than a typical pat-down search.

20.     Defendant Bartolo would antagonize Plaintiff L.Z. when he was walking with other prisoners, asking inappropriate questions such as: "Is this your new girlfriend?" referring to his gender and/or sexuality.

21.     Plaintiff L.Z. felt helpless to stop this conduct or stand up for himself because Defendant Bartolo was a Correctional Officer and because she was behaving in this manner so openly and in front of other officers who would not intervene.

22.     To limit encounters with Defendant Bartolo, Plaintiff L.Z. would skip meals or avoid going outside for recreation if Defendant Bartolo was working in those areas.

23.     On or around January 15, 2024, Defendant Bartolo took Plaintiff L.Z. to the suicide cell, citing an allegation that Plaintiff L.Z. possessed drugs, which he did not.

24.     The suicide cell is a small, padded, isolated cell that lacks features of a typical cell. The lights stay on 24 hours a day, and prisoners in the cell are denied all materials.

25.     Prior to placing him in the cell, while in medical, Defendant Bartolo stripped Plaintiff L.Z. naked and then provided him only a shirt that did not cover his genitals. Defendant Bartolo took Plaintiff L.Z.'s binder and sports bra.

26.     Defendant Bartolo left him in the suicide cell without pants or underwear for several hours.

27.     Plaintiff L.Z. was scared and humiliated. He felt deep discomfort from not being able to bind his chest, and he could not easily cover his genitalia from anyone who looked into the cell.

28.     When Defendant Bartolo appeared again, she entered Plaintiff L.Z.'s cell alone.

29.     She made Plaintiff L.Z. urinate in the toilet.

30.     Then, with no other officers or staff nearby, she told Plaintiff L.Z. to "spread your pussy lips," and Defendant Bartolo proceeded to put several fingers inside Plaintiff L.Z.'s vagina.

31.     Immediately, Plaintiff L.Z. began screaming.

32.     Defendant Bartolo stopped her assault after a few seconds.

33.     Defendant Bartolo found no drugs on Plaintiff L.Z.

34.     Plaintiff L.Z. screamed for help and for a lieutenant to respond, but no one came.

35. Defendant Bartolo left Plaintiff L.Z. in the suicide cell for 24 hours.

36. Despite having worked an entire shift, Defendant Bartolo made sure that she was able to stay and monitor Plaintiff L.Z. while in the suicide cell. Her presence meant that no other officer would come to the suicide cell.

37. In the morning, Defendant Bartolo had left, and Plaintiff L.Z. continued to ask for a lieutenant, but none came.

38. Finally, Lieutenant Hardy came to Plaintiff L.Z.'s suicide cell and escorted him to the Special Housing Unit ("SHU").

39. Plaintiff L.Z. asked to speak with her, but she said they had a lot going on at the moment, and she told him that someone else would come and talk to him.

40. No one did.

41. Lt. Hardy gave Plaintiff L.Z. pants but did not provide him with a bra, binder, or boxers. With only the small shirt and pants, Plaintiff L.Z. was escorted across the compound at a mealtime, which meant he could be seen in this state by many other prisoners.

42. Defendant Bartolo's fingernails cut Plaintiff L.Z.'s genitals during the assault, and it caused Plaintiff L.Z. to experience pain when he urinated.

43. While in the SHU, Plaintiff L.Z. submitted "inmate request" forms through the food port in his cell, detailing what Defendant Bartolo did to him. The officers who took the forms did not give him a receipt, and he never received a response to his requests.

44. He asked for a BP-8 form, but he was denied over and over. He eventually received a BP-9, which he submitted, but he never received a substantive response.

45. Lieutenants were supposed to do rounds to speak with prisoners in the SHU, but during the 24 to 25 days Plaintiff L.Z. was confined in the SHU, no lieutenant came around.

46. After the abuse in the suicide cell, Plaintiff L.Z. received a 14-day SHU disciplinary term for possessing jewelry. This felt like targeted retaliation because many prisoners possessed jewelry openly, and they were not routinely punished.

47. Nonetheless, after his 14 days in the SHU had elapsed, Plaintiff L.Z. was over-detained by approximately 10 days.

48. Plaintiff L.Z. attempted to advocate for his release, but when he was ignored, he went on hunger strike. He refused approximately 19 meals over six days in an effort to get attention to his prolonged confinement in the SHU.

49. Eventually, he was released back to general population.

50. Plaintiff L.Z. suffered as a direct result of the sexual abuse by Defendant Bartolo and the lack of oversight by BOP staff to ensure his safety.

51. Plaintiff L.Z.'s anxiety dramatically increased, and he felt closed off and not safe to talk with anyone.

52. While in the SHU, he got hives that seemed to flare up during stress, resulting in scarring that is still visible.

53. Additionally, the stress from the abuse caused him to experience hair loss.

54. The abuse also affected his intimacy with partners.

55. He struggles with feeling a sense of security to this day.

**EXHAUSTION**

56. On October 24, 2024, Plaintiff L.Z., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

57. The BOP acknowledged receipt on October 29, 2024.

58. The BOP has not substantively responded to his claim.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.4)**

59. Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

60. Plaintiff L.Z. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employee, Defendant Bartolo.

61. The United States is named as a defendant for the acts of this individual employee under the Federal Tort Claims Act.

62.    Defendant Bartolo engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

63.    Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

64.    Defendant Bartolo discriminated against Plaintiff L.Z. based on his gender when she sexually abused him by physically subjecting him to sexual acts.

65.    By these acts, Defendant Bartolo caused Plaintiff L.Z. physical, mental, and emotional injuries as well as injury to his personal dignity.

## SECOND CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant Bartolo)
### (FTCA; Cal. Civ. Code § 52.4)

66.    Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

67.    Plaintiff L.Z. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendant Bartolo.

68.    This federal employee engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

69.    Her position as a correctional officer was essential to her commission of tortious misconduct, which could not have occurred absent her federal employment.

70.    Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

71.    Plaintiff has a nonfrivolous argument that Defendant Bartolo bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

72.    Defendant Bartolo discriminated against Plaintiff L.Z. based on his gender when she sexually abused him by physically subjecting him to sexual acts.

73.     By these acts, Defendant Bartolo caused Plaintiff L.Z. physical, mental, and emotional injuries as well as injury to his personal dignity.

### THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

74.     Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

75.     Plaintiff L.Z. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employee, Defendant Bartolo.

76.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

77.     Her position as a correctional officer was essential to their commission of tortious misconduct, which could not have occurred absent her federal employment.

78.     Defendant Bartolo violated Plaintiff L.Z.'s right to be free from sexual assault by sexually abusing him while she was incarcerated.

79.     Defendant Bartolo's sexual abuse of Plaintiff L.Z. was deeply offensive to his personal dignity and would offend a person of ordinary sensitivity.

80.     Defendant Bartolo subjected Plaintiff L.Z. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff L.Z.'s person.

81.     By intentionally subjecting Plaintiff L.Z. to sexual acts, Defendant Bartolo acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

82.     By subjecting Plaintiff L.Z. to sexual acts, Defendant Bartolo caused him to suffer physical, mental, and emotional injuries, as well as injuries to his personal dignity.

///
///
///

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant Bartolo)**
**(California Common Law)**

83.     Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

84.     Plaintiff L.Z. brings this claim for sexual assault for violation of his rights under California common law against Defendant Bartolo.

85.     Defendant Bartolo violated Plaintiff L.Z.'s right to be free from sexual assault by sexually abusing him while he was incarcerated.

86.     Defendant Bartolo's sexual abuse of Plaintiff L.Z. was deeply offensive to his personal dignity and would offend a person of ordinary sensitivity.

87.     Defendant Bartolo subjected Plaintiff L.Z. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff L.Z.'s person.

88.     By intentionally subjecting Plaintiff L.Z. to sexual acts, Defendant Bartolo acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

89.     By subjecting Plaintiff L.Z. to sexual acts, Defendant Bartolo caused him to suffer physical, mental, and emotional injuries, as well as injuries to his personal dignity.

**FIFTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

90.     Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

91.     Plaintiff L.Z. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendant Bartolo.

92.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

93. Her position as a correctional officer was essential to her commission of tortious misconduct, which could not have occurred absent her federal employment.

94. Defendant Bartolo engaged in outrageous conduct by subjecting Plaintiff L.Z. to sexual acts while he was incarcerated as an inmate in her employer's custody. She abused her authority over Plaintiff L.Z. and her power to affect him in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

95. Defendant Bartolo's sexual abuse caused Plaintiff L.Z. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

96. Defendant Bartolo intended to cause Plaintiff L.Z. this emotional distress because she knew that emotional distress was likely to result from her sexual abuse of an inmate.

## SIXTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant Bartolo)
### (California Common Law)

97. Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

98. Plaintiff L.Z. brings this claim for the intentional infliction of emotional distress against Defendant Bartolo.

99. Defendant Bartolo engaged in outrageous conduct by subjecting Plaintiff L.Z. to sexual acts while he was incarcerated as an inmate in her employer's custody. She abused her authority over Plaintiff L.Z. and her power to affect him in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

100. Defendant Bartolo's sexual abuse caused Plaintiff L.Z. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

101. Defendant Bartolo intended to cause Plaintiff L.Z. this emotional distress because she knew that emotional distress was likely to result from her sexual abuse of an inmate.

## SEVENTH CLAIM FOR RELIEF
### BANE ACT
### (against all Defendants)
### (FTCA; Cal. Civ. Code § 52.1)

102.     Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

103.     Plaintiff L.Z. was in the custody and control of the United States during all relevant times.

104.     Defendant Bartolo violated Plaintiff L.Z.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; his rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and his right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

105.     Defendant United States, by the actions of its employee Bartolo, interfered with Plaintiff L.Z.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; his rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and his right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

106.     As a proximate result of these acts, Plaintiff L.Z. sustained damage and injury.

## EIGHTH CLAIM FOR RELIEF
### TRAFFICKING VICTIMS PROTECTION ACT
### (against all Defendants)
### (18 U.S.C. § 1581, *et seq.*)

107.     Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

108.     Defendant Bartolo knowingly recruited, enticed, and solicited Plaintiff L.Z. by offering benefits and things of value, such as not being placed in the SHU, for remaining silent while she engaged in sexual abuse.

109.     Defendant Bartolo sexually abused Plaintiff L.Z. through force and/or coercion.

110.     This conduct has caused Plaintiff L.Z. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and he has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

**NINTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

111.     Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

112.     Defendant Bartolo knowingly recruited, enticed, and solicited Plaintiff L.Z. by offering benefits and things of value, such as not being placed in the SHU, for remaining silent while she engaged in sexual abuse.

113.     Defendant Bartolo sexually abused Plaintiff L.Z. through force and/or coercion.

114.     Defendant United States employed Defendant Bartolo, whose actions and/or inactions occurred while she was acting as a federal employee under the color of law.

115.     This conduct has caused Plaintiff L.Z. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant Bartolo)**
**(Cal. Civ. Code § 52.5)**

116.     Plaintiff L.Z. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

117.     Defendant Bartolo knowingly recruited, enticed, and solicited Plaintiff L.Z. by offering benefits and things of value, such as not being placed in the SHU, for remaining silent while she engaged in sexual abuse.

118.     Defendant Bartolo sexually abused Plaintiff L.Z. through force and/or coercion.

119.     This conduct has caused Plaintiff L.Z. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

///

///

## PRAYER FOR RELIEF

120.   Plaintiff L.Z. prays for judgment against Defendant, and each of them, as follows:

(a)   An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff L.Z. in an amount to be determined at trial;

(b)   An award to Plaintiff L.Z. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)   For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff L.Z. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: January 9, 2026

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
      EmilyRose Johns


THE LAW OFFICE OF DEBORAH M. GOLDEN


By: /s/ *Deborah M. Golden*
      Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*

*L.Z. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 13